UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEYAUKA BUTLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5701** |
| **UNIVERSITY OF LOUISIANA SYSTEM, et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

This litigation arises from Plaintiff Keyauka Butler's ("Plaintiff") alleged experience of discrimination while employed by Defendants University of Louisiana System and University at New Orleans (collectively, "Defendants").[1] Before the Court is the Board of Supervisors of the University System of Louisiana and University of New Orleans' ("The Board of Supervisors") Motion to Dismiss.[2] Plaintiff has not named the Board of Supervisors as a defendant, but rather has named the University of New Orleans ("UNO") and the University of Louisiana System ("UL System") as defendants.[3] The Board of Supervisors moves the Court to issue an Order dismissing Plaintiff's claims against UNO and the UL System because these entities are not capable of being sued and only the Board of Supervisors is capable of being sued.[4] The Board of Supervisors also argues that Plaintiff's claims against UNO and the UL System should be dismissed because she

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 16.

[3] Rec. Doc. 1.

[4] Rec. Doc. 16-1 at 1, 3–6.

1

failed to perfect service on UNO and the UL System when she served them by FedEx.[5] The Board of Supervisors moves in the alternative for the Court to issue an Order for Plaintiff to provide a more definite statement under Federal Rule of Civil Procedure 12(e).[6] Plaintiff did not file an opposition.[7] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

On September 29, 2023, Plaintiff filed a Complaint in this Court.[8] Plaintiff alleges she filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") before filing the Complaint in this Court.[9] Plaintiff is an African American woman over the age of thirty.[10] Plaintiff names as Defendants University of Louisiana System and University of New Orleans.[11]

According to the Complaint, Plaintiff was employed as a part-time campus police officer at the University of New Orleans from approximately October 2020 until January 2023.[12] Plaintiff alleges that she "requested placement in a Bridge course which would allow her to obtain Full Post certification."[13] Plaintiff alleges that in her role as a dispatcher, she trained several individuals who

---

[5] *Id.* at 5–6.

[6] *Id.* at 6–7.

[7] Pursuant to Local Rule 7.6, the deadline for Plaintiff to file an opposition was April 23, 2024, as The Board of Supervisor's motion was set for submission on May 1, 2024.

[8] Rec. Doc. 1.

[9] *Id.* at 1.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 2.

[13] *Id.*

went on to academy classes, but "Sgt. Joshua Rondeno continued to overlook and deny her being promoted or to obtain the additional training to become Full Post Certified."[14] Plaintiff alleges that she "was retaliated against for requesting to be placed in academy training."[15]

Plaintiff also alleges that she tried to apply for an office manager position but was "advised by Mr. Janero Sanders that she would not be hired because admin[istrative] staff did not want to hire a woman with children."[16] Plaintiff alleges that in March 2022, a woman without children was hired as the office manager.[17] Plaintiff alleges that she was "retaliated against for … being the only female …"[18]

Plaintiff also alleges that she was treated differently than a white male coworker with regard to a parking situation.[19] Plaintiff alleges that on or around September 1, 2022, she was given a citation because her car did not have the proper decal.[20] According to Plaintiff, a white male co-worker was parked next to her, but he was not cited even though his car did not have a decal.[21] Plaintiff also alleges that she had to pay to get out of the parking lot even though she already registered her car, but her white male co-worker "only used a code to get out of the lot."[22] Plaintiff

---

[14] *Id.*

[15] *Id.* at 3.

[16] *Id.* at 2

[17] *Id.*

[18] *Id.* at 3.

[19] *Id.* at 2–3.

[20] *Id.* at 2.

[21] *Id.*

[22] *Id.* at 3.

alleges she filed a grievance about this matter on September 8, 2022.[23]

Plaintiff alleges that she requested a reasonable accommodation to assist her with her recovery from foot surgery, but Defendant denied this accommodation.[24] Thereafter, Plaintiff was out on FMLA (Family Medical Leave Act) leave from September 2022 to December 2022.[25] Plaintiff alleges that Defendant ignored her inquiries into the status of the September 8, 2022 grievance she filed.[26] According to Plaintiff, her work schedule was also changed when she returned to work.[27]

Plaintiff asserts claims for age, race, and disability discrimination and retaliation under 42 U.S.C. Section 2000e *et seq.* ("Title VII").[28] Plaintiff also appears to bring claims under Louisiana law.[29]

On April 4, 2024, The Board of Supervisors filed the instant Motion to Dismiss.[30] Pursuant to Local Rule 7.6, the deadline for Plaintiff to file an opposition was April 23, 2024, as The Board of Supervisor's motion was set for submission on May 1, 2024. Plaintiff has not filed an opposition to the instant motion.

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 3–4.

[29] *Id.* at 4. "The actions of Defendant as described here, display a wanton and reckless disregard for Plaintiff's federally-protected civil rights and rights granted by Louisiana law." *Id.* Plaintiff also references "claims under Louisiana Civil Code Articles 2315, 2316, and 2320 and LSA R.S. 23:311, 321, 331, et seq." *Id.* at 1.

[30] Rec. Doc. 16.

## II. The Board of Supervisors' Arguments

The Board of Supervisors moves the Court to issue an Order dismissing all claims Plaintiff has asserted against UNO and the UL System under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), 12(b)(6), and 17(b).[31] The Board of Supervisors contends that neither UNO nor the UL System are juridical entities capable of being sued.[32] The Board of Supervisors explains that UNO is just the name of the school and it does not have the ability or power to award or confer an educational degree.[33] The Board of Supervisors asserts that it is UNO's governing entity with the power to award and confer educational degrees and is therefore the proper defendant.[34]

The Board of Supervisors next contends that Plaintiff's service of the Summons and Complaint upon UNO and the UL System is insufficient because Plaintiff served them through FedEx.[35] The Board of Supervisors also notes that more than 90 days have elapsed since Plaintiff filed the Complaint.[36]

Defendants argue in the alternative that Plaintiff should be required to provide a more definite statement under Federal Rule of Civil Procedure 12(e).[37] Defendants assert that it is unclear what causes of action Plaintiff asserts in the Complaint because the Complaint lists certain Louisiana statutory provisions, but only lists a Title VII cause of action.[38] According to

---

[31] Rec. Doc. 16-1 at 1.

[32] *Id.* at 1, 3, 4.

[33] *Id.* at 3–4.

[34] *Id.* at 4.

[35] *Id.* at 5.

[36] *Id.* at 6.

[37] *Id.*

[38] *Id.*

Defendants, a "definitive time frame and specificity as to her exact causes of action are essential to Defendants' ability to prepare a defense."[39]

### III. Law and Analysis

**A.    *Whether UNO and the UL System Should be Dismissed***

The Board of Supervisors contends that it is the entity capable of being sued in this matter, and not UNO and the ULS System, which Plaintiff has named as defendants.[40] The Board of Supervisors moves under Federal Rules of Civil Procedure 12(b)(6) and 17(b) to dismiss claims against UNO and the UL System.[41]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[42] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[43] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[44] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[45] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause

---

[39] *Id.* at 7.

[40] Rec. Doc. 16-1 at 3–4.

[41] *Id.* at 1, 3, 4.

[42] Fed. R. Civ. P. 12(b)(6).

[43] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). (internal quotation marks omitted).

[45] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

of action.[46] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[47] Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[48] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[49] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[50] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[51]

Federal Rule of Civil Procedure 17(b)(3) provides that state law determines whether "all other parties" who are not individuals or corporations maintains the capacity to be sued.[52] Louisiana Revised Statute Section 17:3217 provides that the UL System is composed of UNO and several other colleges and universities.[53] This same statutory provision states that UNO is supervised and managed by the Board of Supervisors for the University of Louisiana System.[54] The Fifth Circuit has looked to Section 17:3217 to conclude that "[a]lthough the Board has the right to sue and be sued in its own name, the University [of Southwestern Louisiana] does not."[55]

---

[46] *Iqbal*, 556 U.S. at 678.

[47] *Id.*

[48] *Id.* at 677–78.

[49] *Id.* at 679.

[50] *Id.* at 678.

[51] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[52] Fed. R. Civ. P. 17(b)(3).

[53] La. Rev. Stat. § 17:3217.

[54] *Id.*

[55] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 148 (5th Cir. 1991).

Because Plaintiff has failed to state a claim against UNO and the UL System, they must be dismissed as Defendants with prejudice. However, Plaintiff is granted leave to amend the Complaint to name the Board of Supervisors or any other proper defendant in this matter. As UNO and the UL System are dismissed as defendants in this matter, the Court does not reach the Board of Supervisor's arguments for dismissal under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) or for Plaintiff to provide a more definite statement under Federal Rule of Civil Procedure 12(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Board of Supervisors' Motion to Dismiss[56] is **GRANTED** in part to the extent that Plaintiff's claims against the University of New Orleans and University of Louisiana System are **DISMISSED WITH PREJUDICE** under Federal Rules of Civil Procedure 17(b)(3) and 12(b)(6). It is **DENIED AS MOOT** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the Complaint to name the proper Defendant or Defendants in this matter within 14 days of this Order. Upon naming the proper Defendants, Plaintiff shall have 90 days to perfect service upon those Defendants.

**NEW ORLEANS, LOUISIANA**, this 8th day of May, 2024.

                                                      **NANNETTE JOLIVETTE BROWN**
                                                      **CHIEF JUDGE**
                                                      **UNITED STATES DISTRICT COURT**

---

[56] Rec. Doc. 16.