UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEYAUKA BUTLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5701** |
| **UNIVERSITY OF LOUISIANA SYSTEM, et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

This litigation arises from Plaintiff Keyauka Butler's ("Plaintiff") alleged experience of discrimination while employed at the University of New Orleans.[1] Before the Court is Defendant the Board of Supervisors for the University of Louisiana System's (the "Board of Supervisors") Motion to Dismiss for Insufficient Service of Process.[2] The instant motion was set for submission on December 11, 2024. Pursuant to Local Rule 7.8, an opposition to the motion was to be filed on or before December 3, 2024. Plaintiff filed an untimely opposition to the motion on January 13, 2025.[3] The Court exercises its discretion to consider the untimely opposition. Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion without prejudice and grants Plaintiff an additional 30 days to perfect service on the Board of Supervisors.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 29.

[3] Rec. Doc. 30.

1

## I. Background

On September 29, 2023, Plaintiff filed a Complaint in this Court.[4] Plaintiff alleges she filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") before filing the Complaint in this Court.[5] Plaintiff is an African American woman over the age of thirty, who was employed as a part-time campus police officer at the University of New Orleans from approximately October 2020 until January 2023.[6] Plaintiff names as Defendants the University of Louisiana System and University of New Orleans.[7] Plaintiff asserts claims for age, race, and disability discrimination and retaliation under 42 U.S.C. Section 2000e *et seq.* ("Title VII").[8] Plaintiff also appears to bring claims under Louisiana law.[9]

On May 8, 2024, the Court granted a motion to dismiss the University of New Orleans and University of Louisiana System.[10] The Court also granted Plaintiff leave to file an amended complaint.[11] Plaintiff filed an amended complaint on May 18, 2024, naming the Board of Supervisors as the only defendant.[12] On November 26, 2024, the Board of Supervisors filed the

---

[4] Rec. Doc. 1.

[5] *Id.* at 1.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3–4.

[9] *Id.* at 4. "The actions of Defendant as described here, display a wanton and reckless disregard for Plaintiff's federally-protected civil rights and rights granted by Louisiana law." *Id.* Plaintiff also references "claims under Louisiana Civil Code Articles 2315, 2316, and 2320 and LSA R.S. 23:311, 321, 331, et seq." *Id.* at 1.

[10] Rec. Doc. 20.

[11] *Id.*

[12] Rec. Doc. 22.

instant Motion to Dismiss for Insufficient Service of Process.[13] The instant motion was set for submission on December 11, 2024. Pursuant to Local Rule 7.8, an opposition to the motion was to be filed on or before December 3, 2024. Plaintiff filed an untimely opposition to the motion on January 13, 2025.[14]

## II. Parties' Arguments

### A.  *The Board of Supervisors Arguments in Support of Dismissal*

The Board of Supervisors contends that service has not been perfected.[15] The Board of Supervisors acknowledges that on September 3, 2024, executed service returns were entered into the record reflecting service of the summons by Plaintiff on the Board of Supervisors (accepted by Joy Samuel) and Office of Attorney General (accepted by Jennifer Hebert).[16] However, the Board points out neither Ms. Samuel nor Ms. Hebert were given a copy of the Amended Complaint.[17] Consequently, the Board of Supervisors argues Plaintiff's service of process is not valid, and the case should be dismissed.[18]

### B.  *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff argues she properly served the Board of Supervisors.[19] She asserts that valid service of process is established by the process server's affidavit, and the defendant has the burden of

---

[13] Rec. Doc. 29.

[14] Rec. Doc. 30.

[15] Rec. Doc. 29-1 at 3.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 30 at 3.

challenging the validity of service.[20] Plaintiff asserts the Board of Supervisors has not overcome the presumption of validity.[21]

### III. Law and Analysis

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[22] Federal Rule of Civil Procedure 4(c)(1) provides, "[a] summons must be served with a copy of the complaint." "In the absence of valid service of process, proceedings against a party are void."[23] "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."[24] "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[25]

On September 3, 2024, executed service returns were entered into the record reflecting service of the summons by Plaintiff on the Board of Supervisors (accepted by Joy Samuel) and Office of Attorney General (accepted by Jennifer Hebert).[26] However, Ms. Samuel and Ms. Hebert both submitted declarations stating that the Amended Complaint was not attached to the summons.[27] Pursuant to Rule 4(c)(1), a copy of the complaint must be served with the summons.

---

[20] *Id.*

[21] *Id.*

[22] *Wallace v. St. Charles Parish Sch. Bd.,* 2005 WL 1155770, at *1 (E.D. La. May 5, 2005).

[23] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[24] *Id.*

[25] Fed. R. Civ. P. 4(m).

[26] Rec. Doc. 24; Rec. Doc. 25.

[27] Rec. Doc. 29-2; Rec. Doc. 29-3.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[28] Plaintiff has failed to properly serve the Board of Supervisors within the 90-day time period set out in Federal Rule of Civil Procedure 4(m). Under Rule 4(m), the Court may extend the time for service. Therefore, the Court exercises its discretion to allow additional time for Plaintiff to perfect service on the Board of Supervisors. The Court shall allow Plaintiff an additional 30 days to perfect service on defendants.

## V. Conclusion

For the reasons stated herein, the Court finds that the Board of Supervisors was not properly served within the requisite time. As such, the Court denies the instant motion without prejudice and grants Plaintiff an additional 30 days to perfect service on the Board of Supervisors. Accordingly,

**IT IS HEREBY ORDERED** that the Board of Supervisor's Motion to Dismiss for Insufficient Service of Process[29] is **DENIED WITHOUT PREJUDICE**. Plaintiff must perfect service on the Board of Supervisors within 30 days of this Order. If service is not made within 30 days, the Board of Supervisors is granted leave of Court to file a renewed motion to dismiss.

**NEW ORLEANS, LOUISIANA,** this  19th   day of March, 2025.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[28] Fed. R. Civ. P. 4(m).

[29] Rec. Doc. 29.