UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEYAUKA BUTLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5701** |
| **UNIVERSITY OF LOUISIANA SYSTEM, et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

This litigation arises from Plaintiff Keyauka Butler's ("Plaintiff") alleged experience of discrimination while employed at the University of New Orleans.[1] Before the Court is Defendant the Board of Supervisors for the University of Louisiana System's ("Defendant") Motion for Summary Judgment.[2] Plaintiff did not file an opposition to the motion.[3] A federal district court may grant an unopposed motion if the motion has merit.[4] Defendant argues that Plaintiff has failed to prosecute her case and cannot meet her evidentiary burden.[5] Defendant also raises several arguments for dismissal on the merits.[6] For the reasons discussed below, the record undisputedly establishes that Plaintiff has on numerous occasions failed to comply with court orders or provide Defendant with information needed to move this case forward. Therefore, considering the motion,

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 43.

[3] Under Local Rule 7.5, the deadline for Plaintiff to file an opposition was January 13, 2026, as the motion was set for submission on January 21, 2026.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[5] Rec. Doc. 43.

[6] *Id.*

1

the memorandum in support, the record, and the applicable law, the Court grants the motion in part and dismisses the case for Plaintiff's failure to prosecute. The Court does not reach Defendant's alternative arguments for dismissal.

## I. Background

On September 29, 2023, Plaintiff filed a Complaint in this Court.[7] Plaintiff alleges she filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") before filing the Complaint in this Court.[8] Plaintiff is an African American woman over the age of thirty, who was employed as a part-time campus police officer at the University of New Orleans from approximately October 2020 until January 2023.[9] Plaintiff named as Defendants the University of Louisiana System and University of New Orleans.[10]

On May 8, 2024, the Court granted a motion to dismiss the University of New Orleans and University of Louisiana System.[11] The Court also granted Plaintiff leave to file an amended complaint.[12] Plaintiff filed an amended complaint on May 17, 2024, naming the Board of Supervisors for the University of Louisiana System as the only defendant.[13] Plaintiff asserted claims for age, race, and disability discrimination and retaliation under 42 U.S.C. § 2000e *et seq.*

---

[7] Rec. Doc. 1.

[8] *Id.* at 1.

[9] *Id.*

[10] *Id.*

[11] Rec. Doc. 20.

[12] *Id.*

[13] Rec. Doc. 22.

2

("Title VII").[14] Plaintiff also appears to bring claims under Louisiana law.[15]

On January 6, 2026, Defendant filed the instant Motion for Summary Judgment.[16] The instant motion was set for submission on January 21, 2026. Pursuant to Local Rule 7.8, an opposition to the motion was to be filed on or before January 13, 2026. Plaintiff has not filed an opposition to the motion. Therefore, the motion is deemed unopposed.

## II. Defendant's Arguments

Defendant argues that Plaintiff's claims should be dismissed for her failure to prosecute.[17] Defendant asserts that Plaintiff has failed to comply with this Honorable Court's Orders as she has never provided initial disclosures, did not file a status report, and did not file witness and exhibit list.[18] Defendant contends that Plaintiff has taken no action in this case since the scheduling conference in March 2025.[19] Therefore, Defendant argues that Plaintiff's repeated failures to abide by this Court's Orders and the Federal Rules of Civil Procedure warrant dismissal of this case.[20]

Defendant also argues that summary judgment should be granted because: (1) Plaintiff's claims are time-barred; (2) Plaintiff failed to exhaust her administrative remedies prior to filing suit; (3) Plaintiff has failed to state a claim for age or disability discrimination; (4) Plaintiff cannot

---

[14] *Id.* at 3–4.

[15] *Id.* at 4. "The actions of Defendant as described here, display a wanton and reckless disregard for Plaintiff's federally-protected civil rights and rights granted by Louisiana law." *Id.* Plaintiff also references "claims under Louisiana Civil Code Articles 2315, 2316, and 2320 and LSA R.S. 23:311, 321, 331, et seq." *Id.* at 1.

[16] Rec. Doc. 43.

[17] Rec. Doc. 43-1 at 5–6.

[18] *Id.* at 6.

[19] *Id.*

[20] *Id.*

3

meet her burden of proof for any of her federal claims; (5) Defendant is entitled to sovereign immunity from Plaintiff's state law claims; (6) Plaintiff's state law claims have prescribed; and (7) Plaintiff does not state a claim under Louisiana law.[21]

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[22] To dismiss an action in this manner, there must be a clear record of delay or contumacious conduct by the plaintiff, and the court must expressly find that no lesser sanction would suffice to prompt diligent prosecution.[23] A clear record of delay is found where there have been "significant periods of total inactivity."[24] Even when that standard is met, at least one of the following "aggravating factors" should usually be present: (1) the delay was caused by the plaintiff, as opposed to his attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct.[25] Dismissals pursuant to Rule 41(b) are reviewed for abuse of discretion.[26]

Similarly, Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery . . . ."

---

[21] *Id.* at 6–25.

[22] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[23] *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008).

[24] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n. 5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

[25] *Id.*

[26] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

4

Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[27] Possible sanctions are listed in Rule 37(b)(2)(A)(i)-(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[28] "Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[29]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders."[30] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[31] Dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim."[32] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[33]

---

[27] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

[28] Fed. R. Civ. P. 37(b)(2)(A)(v).

[29] *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

[30] *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[31] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

[32] *Id.*

[33] *Id.*

## IV. Analysis

On January 6, 2026, Defendant filed the instant motion.[34] Plaintiff has not opposed the motion. For the reasons that follow, the record undisputedly establishes that Plaintiff has, on numerous occasions, failed to comply with court orders, respond to Defendant, or provide discovery necessary to move this case forward.

Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions against a party who fails to obey a discovery order, including dismissing the action or proceeding in whole or in part.[35] Despite an order requiring Plaintiff to exchange initial disclosures within seven days of perfecting service,[36] Plaintiff still has not done so. Therefore, Plaintiff has failed to comply with this Court's order requiring her to exchange initial disclosures.

Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[37] Plaintiff has failed to comply with any of the deadlines set in the Scheduling Order. Plaintiff did not provide initial disclosures, did not file a status report, and did not file witness or exhibit lists. Plaintiff has taken no action in this case since the scheduling conference in March 2025. Defendant has shown actual prejudice, as it has spent considerable resources attempting to obtain information that Plaintiff should have provided voluntarily. The

---

[34] Rec. Doc. 43.

[35] Fed. R. Civ. P. 37(b)(2)(A)(v).

[36] Rec. Doc. 35.

[37] Fed. R. Civ. P. 41(b); *see also McCullough*, 835 F.2d at 1127.

delay was caused by intentional conduct on Plaintiff's part.

The Court finds that there is a clear record of unreasonable delay caused by Plaintiff, and that no lesser sanction other than dismissal would suffice.[38] Therefore, the Court finds that it is appropriate to dismiss Plaintiff's claims with prejudice to best serve the interests of justice because Plaintiff has repeatedly demonstrated an unwillingness to continue prosecution in this case. Even if the Court were to consider a lesser sanction of dismissal without prejudice, the dismissal would ostensibly be with prejudice as "the statute of limitations prevents or arguably may prevent" Plaintiff from refiling the case.[39] This case was filed over two years ago, and Plaintiff has done nothing to demonstrate any intention to prosecute this case since the March 18, 2025 scheduling conference.

## V. Conclusion

Based on the foregoing, the record undisputedly establishes that Plaintiff has on numerous occasions failed to comply with court orders or provide Defendant with information needed to move this case forward. Moreover, Plaintiff has not opposed this motion. Accordingly,

---

[38] *Raborn*, 278 F. App'x at 404; *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

[39] *Raborn*, 278 F. App'x at 404.

**IT IS HEREBY ORDERED** that Defendant the Board of Supervisors for the University of Louisiana System's Motion for Summary Judgment[40] is **GRANTED IN PART**. Plaintiff's claims are **DISMISSED WITH PREJUDICE** for her failure to prosecute. The Court does not reach Defendant's alternative arguments for dismissal.

**NEW ORLEANS, LOUISIANA**, this 23rd day of January, 2026.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[40] Rec. Doc. 43.